UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALBERT J. FIELDS, JR.,<br><br>            Plaintiff,<br><br>     v.<br><br>CITY OF SALEM POLICE<br>DEPARTMENT, et al.,<br><br>            Defendants. | Civil No. 14-1849 (NLH/KMW)<br><br>MEMORANDUM OPINION<br>AND ORDER |

**APPEARANCES:**

Albert J. Fields, Jr.
P.O. Box 1052
Salem, New Jersey 08079
     *Pro Se Plaintiff*


**HILLMAN, District Judge**

   This matter having come before the Court by way of Plaintiff's application [Doc. No. 1-3] to proceed in forma pauperis ("IFP application") in this action and by way of Plaintiff's complaint [Doc. No. 1] both of which were submitted to the Court on March 24, 2014; and

   The Court recognizing that when a non-prisoner seeks permission to file a civil complaint in forma pauperis under 28 U.S.C. § 1915, the Prison Litigation Reform Act ("PLRA") requires the person[1] to submit an affidavit that includes a

---

[1]    Although Section 1915 refers to "prisoners," federal courts

statement of all assets and that the person is unable to pay such fees or give security therefor, see 28 U.S.C. § 1915(a); and

    The Court recognizing that the decision to grant or deny an IFP application is based solely on the economic eligibility of the petitioner, see Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976); and

    The Court having reviewed Plaintiff's IFP application and affidavit of poverty submitted on March 24, 2014, and Plaintiff having signed the affidavit in support of his IFP application declaring under penalty of perjury that he is unable to pay the costs of these proceedings, accordingly, based on the

---

apply Section 1915 to non-prisoner IFP applications as well. See, e.g., Hickson v. Mauro, 2011 WL 6001088, *1 (D.N.J. 2011) (citing Lister v. Dept. of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005) ("Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners.") (citing Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1306 n. 1 (11th Cir. 2004); Haynes v. Scott, 116 F.3d 137, 140 (5th Cir. 1997); Floyd v. United States Postal Serv., 105 F.3d 274, 275 (6th Cir. 1997)); El Ameen Bey v. Stumpf, No. 11-5684, 2011 WL 4962326, at * 11 n.7 (D.N.J. Oct. 17, 2011) (Kugler, J.) ("Although Section 1915(a) refers to a 'statement of all assets such prisoner possesses,' this section has been applied by courts in their review of applications of non-prisoners as well.") (citing Douris v. Middletown Twp., 293 F. App'x 130 (3d Cir. 2008) ("The reference to prisoners in § 1915(a)(1) appears to be a mistake. In forma pauperis status is afforded to all indigent persons, not just prisoners.")).

information contained therein, the Court hereby grants Plaintiff's application to proceed *in forma pauperis* in this case and directs the Clerk to file the complaint in this action; and

    The Court also noting that under the PLRA the Court, prior to docketing or as soon as practicable after docketing, must also review the complaint in a civil action in which a plaintiff is proceeding *in forma pauperis*.  See 28 U.S.C. § 1915(e)(2)(B). The PLRA requires the Court to *sua sponte* dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *Id.*; and

    The Court further noting that a "document filed *pro se* is to be liberally construed, ... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972); and

    In considering whether Plaintiff's complaint fails to state a claim, the Court must accept all well-pleaded allegations in

3

the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005); see also Phillips v. County of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008) ("[I]n deciding a motion under Fed.R.Civ.P. 12(b)(6), [a district court is] ... required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to" the plaintiff); and

The Court asking "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims[.]'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions[.]'") (citation omitted); and

The Court noting that under the Twombly/Iqbal standard, a district court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing Iqbal, 129 S. Ct. at 1949); and

The Court further noting that a district court "must then determine whether the facts alleged in the complaint are

4

sufficient to show that the plaintiff has a 'plausible claim for relief.'" Fowler, 578 F.3d at 211 (citing Iqbal, 129 S. Ct. at 1950). "[A] complaint must do more than allege the plaintiff's entitlement to relief." Fowler, 578 F.3d at 211; and

Plaintiff alleging that the Defendant City of Salem Police Department "deprived the plaintiff of his 4th Amendment protections as a result of a municipal policy or custom of deliberate indifference to the preparation of Complaint Warrants/Complaint Summons and the required procedure established by New Jersey Criminal Court R. 3:3-1(a)" and that "plaintiff was improperly arrested and held to bail for 154 days on the charge of Criminal Restraint[,]" (Pl.'s Compl. [Doc. No. 1] ¶ 6); and

Plaintiff further alleging that "[p]ursuant to N.J.S. 10:6-2(C) the plaintiff was deprived of his liberty and the equal protection of the Constitution and this State[,]" (Id.); and

Plaintiff alleging that Defendant "Douglas Hogate, deliberately with malice and forethought prepared a Complaint Warrant and arrested the plaintiff and held him for bail for 154 days denying him the equal protection of the laws and contrary to section 3:3-1 of the New Jersey Criminal Court Rules which specify when and under what circumstances an arrest warrant may

5

be issued[,]" (Id. ¶ 8); and

Plaintiff also alleging that Defendant "Leon Daniels, was the supervisor and person in charge of the police response to the plaintiff's residence, had knowledge of and acquiesced in Defendant Douglas Hogate's violation of the plaintiff's equal protection rights[,]" (Id. ¶ 7); and

The Court noting that Plaintiff now seeks compensatory damages in the amount of $5,000,000.00, plus punitive and exemplary damages, and all other relief provided for under 42 U.S.C. § 1983, (Id. ¶¶ 11-13); and

The Court finding that, even construed liberally, Plaintiff's complaint does not allege facts sufficient to demonstrate that Plaintiff can maintain a plausible claim for relief. Rather, Plaintiff's pleading simply alleges - in a conclusory fashion - that Plaintiff is entitled to relief based on Defendants' purported conduct. For example, Plaintiff fails to allege any facts regarding the alleged "police response to the plaintiff's residence" which apparently led to Plaintiff's arrest for Criminal Restraint. Plaintiff does not allege any information regarding: (1) the date and time of the incident at his residence; (2) the individuals present at the time; (3) the reason the police responded to Plaintiff's residence; (4) what

6

circumstances led to Plaintiff's arrest on a purported charge of criminal restraint; or (5) any circumstances that occurred after Plaintiff's allegedly "improper" arrest and the 154 day period during which Plaintiff was "held to bail".  Without more specific facts, the Court is unable to find that Plaintiff has set forth facts sufficient to demonstrate that Plaintiff can maintain a plausible claim for relief; and

The Court noting that the Twombly/Iqbal standard requires Plaintiff to do more than simply allege his entitlement to relief in this conclusory manner.

Accordingly,

IT IS on this   14th   day of   April   , 2014, hereby

**ORDERED** that Plaintiff's IFP Application [Doc. No. 1-3] shall be, and hereby is, **GRANTED**; and it is further

**ORDERED** that the Clerk is directed to file Plaintiff's complaint [Doc. No. 1] in this action; and it is further

**ORDERED** that Plaintiff's complaint shall be, and hereby is, **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Clerk is directed to mark his matter as **CLOSED**; and it is further

**ORDERED** that Plaintiff is granted leave to file an amended complaint in this action within **thirty (30)** days of the date of

7

this Memorandum Opinion and Order which sets forth sufficient facts demonstrating that Plaintiff has a plausible claim for relief.

|  |  |
|---|---|
| At Camden, New Jersey | s/ Noel L. Hillman<br>NOEL L. HILLMAN, U.S.D.J. |