```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____

ALBERT J. FIELDS, JR.

        Plaintiff,        Civil No. 14-1849 (NLH/KMW)

v.

                              **OPINION**

CITY OF SALEM POLICE DEPARTMENT,
et al.,

        Defendants.

_____

**APPEARANCES**:

Albert J. Fields, Jr.
P.O. Box 1052
Salem, New Jersey 08079

    Plaintiff Pro Se

**HILLMAN, District Judge:**

    Plaintiff pro se, Albert Fields, filed this civil action pursuant to 42 U.S.C. § 1983 alleging a violation of his civil rights under federal and state law.  As Plaintiff sought to proceed in forma pauperis, the Court screened Plaintiff's complaint sua sponte under 28 U.S.C. § 1915(e)(2)(B).  The Court granted Plaintiff's application to proceed in forma pauperis but dismissed the complaint without prejudice.  (Mem. Op. and Order. [Doc. No. 2], Apr. 14, 2014.)  Plaintiff was granted leave to file an amended complaint, which Plaintiff subsequently filed. The Court has now reviewed the allegations in the amended

1

complaint.  For the reasons that follow, the Court finds that Plaintiff's claims in the amended complaint fail to state a claim upon which relief may be granted.  Accordingly, the amended complaint will be dismissed, and Plaintiff will be provided one additional opportunity to state a claim against Defendant Officers Daniels and Hogate.  The claim against the City of Salem Police Department, however, will be dismissed with prejudice.

I.   **JURISDICTION**

In the amended complaint, Plaintiff asserts claims pursuant to 42 U.S.C. § 1983 for alleged violations of his federal constitutional rights.  The Court has jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331.

II.  **BACKGROUND**

Plaintiff's claims arise from events that occurred in his home on May 16, 2012.  Plaintiff alleges that on that date, he invited his ex-girlfriend, Teresa Y. Parsons, to his home.  (Am. Compl. ¶¶ 9, 11.)  While Ms. Parsons was at Plaintiff's home, Plaintiff received a phone call from his then-girlfriend, Terrye Allen.  (Id. ¶¶ 12-15.)  Ms. Parsons was allegedly upset upon learning that Plaintiff had a new girlfriend and began throwing items at Plaintiff.  (Id. ¶ 16.)  Plaintiff contends that he attempted to restrain Ms. Parsons, at which time both parties

allegedly fell to the floor. (Id. ¶¶ 16, 18.) The police then arrived at Plaintiff's home. (Id. ¶¶ 18-20.) Plaintiff ran down the stairs to answer the door, and Police Officers Douglas Hogate and Sergeant Leon Daniels allegedly ran upstairs upon entering the home. (Id.) Plaintiff remained at the bottom of the stairs with Police Officer Robert Brown. (Id. ¶¶ 21, 22.) After a few minutes, Officer Daniels allegedly directed Officer Brown to arrest Plaintiff. (Id. ¶ 22.)

Plaintiff alleges that upon his arrest, he was taken to the Salem City Police Department and handcuffed to a bench. (Id. ¶ 23.) He alleges that he was fingerprinted, photographed, issued a "Complaint Summons" for Simple Assault and a "Complaint Warrant" for Criminal Restraint. (Id. ¶ 24.) Bail was set at that time at "$5,000.00/$500.00." (Id.) Plaintiff was then brought to the Salem County Correctional Facility. (Id. ¶ 25.) A bail hearing was purportedly held on May 24, 2012, and bail was increased to "$10,000/$1,000." (Id. ¶ 26.) An indictment was then issued on July 17, 2012, charging Plaintiff with criminal restraint, and Plaintiff was arraigned on August 13, 2012. (Id. ¶ 29.) On October 15, 2012, Plaintiff pled guilty to simple assault. (Id. ¶ 34.) While Plaintiff was incarcerated, he was terminated from his employment and, given his inability to pay rent, was evicted from his home. (Id. ¶¶ 28-31.)

Plaintiff now brings this civil action alleging a deprivation of his constitutional rights.  In Count One of the amended complaint, Plaintiff alleges that a "Complaint Warrant" was issued when, under the New Jersey Court Rules, a "Complaint Summons" should have been issued instead.  (Am. Compl. ¶¶ 41-42.)  The failure to follow the proper procedure purportedly deprived Plaintiff of due process.  (Id. ¶ 42.)  Plaintiff brings Count One against Defendants City of Salem Police Department and Defendant Daniels.  In Count Two of the amended complaint, Plaintiff alleges that Defendant Hogate "with malice and forethought" prepared a Complaint Warrant and arrested Plaintiff and held him to bail for 154 days when the Court Rules did not permit the issuance of an arrest warrant.  (Id. ¶ 44.)  Plaintiff brings Count Two against Defendant Hogate only.

## III. STANDARD OF REVIEW

The standard for dismissing a complaint for failure to state a claim under Section 1915(e)(2)(B) is the same as that for dismissing a complaint pursuant to a motion filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).  In considering whether a plaintiff's complaint fails to state a claim, the Court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the

plaintiff.  Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005); see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008) ("[I]n deciding a motion under Fed. R. Civ. P. 12(b)(6), [a district court is] . . . required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to" the plaintiff).  A pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

A district court must ask "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims[.]'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 n.8, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974)); see also Ashcroft v. Iqbal, 556 U.S. 662, 684, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions[.]'") (citation omitted).  First, under the Twombly/Iqbal standard, a district court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions."  Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing Iqbal, 556 U.S. at 678, 129 S. Ct. 1937).  Second, a district court "must then determine whether the facts alleged in the complaint are sufficient to show that

5

the plaintiff has a 'plausible claim for relief.'" Fowler, 578 F.3d at 211 (citing Iqbal, 556 U.S. at 679, 129 S. Ct. 1937). "[A] complaint must do more than allege the plaintiff's entitlement to relief." Fowler, 578 F.3d at 211; see also Phillips, 515 F.3d at 234 ("The Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element.  This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element.") (citing Twombly, 550 U.S. at 556, 127 S. Ct. 1955).

**IV.   DISCUSSION**

    **A.   Plaintiff's Claims Against the City of Salem Police Department**

Plaintiff brings a claim against the City of Salem Police Department under 42 U.S.C. § 1983.  Section 1983 provides, in relevant part as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall

6

>     be liable to the party injured in an action
>     at law, suit in equity, or other proper
>     proceeding for redress . . . [.]

42 U.S.C. § 1983.  The City of Salem Police Department is not subject to suit for a violation of constitutional rights because a police department is not a "person" under Section 1983.  <u>PBA Local No. 38 v. Woodbridge Police Dept.</u>, 832 F. Supp. 808, 825-26 (D.N.J. 1993).  Accordingly, Plaintiff's claims against the City of Salem Police Department are dismissed with prejudice.

>    **B.   Plaintiff's Claims Against Defendants Daniels and Hogate**

Plaintiff contends that Defendants Daniels and Hogate violated his constitutional rights by failing to issue a "Complaint Summons" rather than a "Complaint Warrant."  Had Plaintiff been issued a summons rather than a warrant, he purportedly would not have been detained, bail would not have been set, and he would not have been imprisoned for 154 days.

Plaintiff's claim requires a brief discussion of the New Jersey Court Rules.  Under New Jersey Court Rule 3:4-1, when a law enforcement officer makes an arrest without a warrant, the person arrested must be taken to the police station where a complaint is to be prepared. N.J. Ct. R. 3:4-1(a)(1).  If the complaint charges certain delineated offenses, including murder, kidnapping, aggravated manslaughter, manslaughter, robbery, aggravated sexual assault, and second degree aggravated assault,

7

a "complaint-warrant" must be issued.  Id.; see also N.J. Ct. R. 3:3-1(c)(1).  If the complaint charges any other offense, however, a "complaint-summons" must be issued, unless: 1) the person has previously failed to respond to a summons, (2) there is reason to believe that the person is dangerous, (3) there is one or more outstanding arrest warrants for the person, (4) the prosecution of the immediate offense or any other offense would be jeopardized by immediate release, (5) the person cannot be satisfactorily identified, or (6) there is reason to believe the person will not appear in response to the summons.  Id. at 3:3-1(c)(2)-(6); 3:4-1(a)(1).

If a "complaint-warrant" is issued, the person arrested must be brought before a judge, or in the absence of a judge, a judicial officer "without unnecessary delay" but in no event later than twelve hours after arrest.  N.J. Ct. R. 3:4-1(a)(2). That officer must make a finding as to whether probable cause exists and set bail.  Id.

Within this framework, Plaintiff alleges that the police erred procedurally by preparing a complaint-warrant on the charge of Criminal Restraint.  Plaintiff is correct that Criminal Restraint is not one of the offenses expressly listed in Rule 3:3-1(c)(1).  While this allegation is technically correct as a matter of law, it is also -- standing alone -- insufficient to meet the Twombly/Iqbal pleading standard.  Mere

8

failure to comply with the requirements of New Jersey Court Rules 3:3-1 and 3:4-1 is not a "per se violation" of Plaintiff's constitutional rights even if it results in a temporary detention.  Sanducci v. City of Hoboken, 315 N.J. Super. 475, 485, 719 A.2d 160 (N.J. Super. Ct. App. Div. 1998) (citing O'Brien v. Borough of Woodbury Heights, 679 F. Supp. 429, 437 (D.N.J. 1988)).  "'An individual defendant's non-compliance with a state-mandated procedure does not in and of itself give rise to a claim cognizable under Section 1983.'"  Id. (quoting O'Brien, 679 F. Supp. at 437).  Consequently, the failure to issue a complaint-summons rather than a complaint-warrant in and of itself does not violate a federally protected right.

While such a procedural failure coupled with an absence of probable cause to arrest could amount to a Section 1983 violation, Connor v. Powell, 162 N.J. 397, 411, 744 A.2d 1158 (N.J. 2000), cert. denied, 530 U.S. 1216, 120 S. Ct. 2220, 147 L. Ed. 2d 251 (2000) (while error in issuing a complaint-warrant "does not constitute a per se violation of plaintiff's constitutional rights[,]" it is factor that must be considered in determining whether police officers had probable cause or whether they reasonably believed probable cause existed[]), Plaintiff here does not allege he was arrested without probable cause.

9

The facts that he does allege suggest the opposite or at least fail to state factually a plausible claim that the arrest was without probable cause. Plaintiff alleges that after telling his date to "get the fuck out of my house," the two became involved in a violent altercation after his date struck him. Plaintiff further alleges that with the police at the door his date "yelled" twice to "help me" while he yelled for the officers to "kick the door." Eventually, Plaintiff opened the door and waited on the bottom steps, bleeding and one shoe off, while the officers proceeded to the second floor where he had left his date. After "two or three minutes" passed, one officer directed another to arrest the Plaintiff.

Nowhere in these sparse allegations does Plaintiff allege that his arrest for criminal restraint was without probable cause. Moreover, he admits that he had a subsequent bail hearing in which his bail was doubled over the amount set at his original hearing and that he was subsequently indicted for the criminal restraint charge. These facts do not support an allegation of lack of probable cause; they undermine it. See Islam v. City of Bridgeton, 804 F. Supp. 2d 190, 197 (D.N.J. 2011) (probable cause is a fact-specific inquiry).

Accordingly, because Plaintiff's complaint does not allege the absence of probable cause for his arrest, the Court at this time finds that the amended complaint fails to state a claim

upon which relief may be granted.  However, we cannot rule out on this record that Plaintiff may be able to assert facts demonstrating a lack of probable cause for his arrest.  To the extent Plaintiff believes the facts demonstrate that the officers lacked probable cause at the time of his arrest, he may file a second amended complaint setting forth sufficient factual allegations concerning an arrest without probable cause.

**V.     CONCLUSION**

For the reasons set forth above, Plaintiff's amended complaint will dismissed.  The claims against the City of Salem Police Department will be dismissed with prejudice, and Plaintiff will be granted leave to file a second amended complaint setting forth claims against Defendants Daniels and Hogate.

An Order consistent with this Opinion will be entered.

                                                    s/ Noel L. Hillman
                                                NOEL L. HILLMAN, U.S.D.J.
Dated: February 2, 2015

At Camden, New Jersey