```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____

ALBERT J. FIELDS, JR.

              Plaintiff,        Civil No. 14-1849 (NLH/KMW)

v.

                                   **OPINION**

CITY OF SALEM POLICE DEPARTMENT,
et al.,

              Defendants.

_____

**APPERANCES:**

Albert J. Fields, Jr.
P.O. Box 1052
Salem, New Jersey 08079

    *Plaintiff Pro Se*

**HILLMAN, District Judge**:

    Plaintiff pro se, Albert Fields, filed this civil action pursuant to 42 U.S.C. § 1983 alleging a violation of his civil rights under federal and state law. As Plaintiff sought to proceed in forma pauperis, the Court screened Plaintiff's complaint sua sponte under 28 U.S.C. § 1915(e)(2)(B). The Court granted Plaintiff's application to proceed in forma pauperis, but dismissed the complaint without prejudice. (Mem. Op. and Order [Doc. No. 2], Apr. 14, 2014.) Plaintiff was granted leave to file an amended complaint, which Plaintiff subsequently filed and which was also reviewed by the Court. By Opinion dated

February 2, 2015, the Court concluded that Plaintiff's claims in the amended complaint failed to state a claim upon which relief may be granted.  The Court dismissed the amended complaint and provided Plaintiff one additional opportunity to state a claim.

Plaintiff has now filed a second amended complaint, which the Court has again screened pursuant to 28 U.S.C. § 1915(e)(2)(B).  For the reasons that follow, the Court finds that Plaintiff's claims in the second amended complaint fail to state a claim upon which relief may be granted.

I.   **JURISDICTION**

As noted in the February 2, 2015 Opinion, Plaintiff asserts claims pursuant to 42 U.S.C. § 1983 for alleged violations of his federal constitutional rights.  The Court has jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331.

II.  **BACKGROUND**

Plaintiff's claims arise from events that occurred in his home on May 16, 2012.  Plaintiff alleges that on that date he invited his ex-girlfriend, Teresa Y. Parsons, to his home. (Proposed Second Am. Compl. [Doc. No. 6] ¶¶ 9-12.)  While Parsons was at Plaintiff's home, Plaintiff received a phone call from his then-girlfriend.  (Id. ¶¶ 12, 13.)  Parsons purportedly became upset upon learning that Plaintiff had a new girlfriend, and began attacking and throwing items at Plaintiff.  (Id. ¶¶

2

13-16.)  Plaintiff contends that he tried to restrain Parsons, at which time both parties fell to the floor.  (Id. ¶¶ 15-16.)  The police then arrived at Plaintiff's home and attempted to enter.  (Id. ¶¶ 16, 18.)  Plaintiff was unable to answer the door because he was still on the floor.  (Id.)  Plaintiff maintains he called out for the officers to "kick the door" while Parsons yelled for help.  (Id. ¶¶ 15-16.)  Plaintiff eventually was able to get up and ran down the stairs to answer the door, at which time Police Officer Douglas Hogate, Police Officer Robert Brown, and Sergeant Leon Daniels entered the house.  (Id. ¶ 17-18.)  Sergeant Daniels and Officer Hogate allegedly ran upstairs, while Officer Brown remained at the bottom of the stairs with Plaintiff.  (Id. ¶¶ 18, 20.)  After a few minutes, Sergeant Daniels allegedly directed Officer Brown to arrest Plaintiff. (Id. ¶ 20.)

Plaintiff avers that upon his arrest, he was taken to the Salem City Police Department and was handcuffed to a bench. (Id. ¶ 21.)  There, Plaintiff alleges that he was fingerprinted, photographed, and issued a "Complaint Summons" for Simple Assault and a "Complaint Warrant" for Criminal Restraint.  (Id. ¶ 22.)  Bail was set for "$5,000.00/$500.00" at that time. (Id.)  Plaintiff was then sent to Salem County Correctional Facility.  (Id. ¶ 23.)  A bail hearing was held on May 24, 2012, and bail was increased to "$10,000.00/$1,000.00."  (Id. ¶ 24.)

3

An indictment then was issued on July 17, 2012, charging Plaintiff with criminal restraint, and Plaintiff was arraigned in the Superior Court Salem County on August 13, 2012. (Id. ¶ 27.) On October 15, 2012, Plaintiff pled guilty to simple assault after the court denied his motion to dismiss the indictment.  (Am. Compl. [Doc. No. 3] ¶ 34.)  Plaintiff subsequently brought this civil action alleging a deprivation of his constitutional rights.

As noted above, the Court dismissed the original complaint without prejudice, because it failed to comply with Federal Civil Procedure Rule 8 and the standard of review set forth in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  (Mem. Op. and Order [Doc. No. 2], Apr. 14, 2014.)  Plaintiff subsequently filed the amended complaint, which provided greater factual details regarding the incident.  (Am. Comp. [Doc. No. 4].)  The amended complaint contained two counts -- one based on Defendants' failure to comply with the New Jersey Court Rules concerning issuance of a "Complaint Summons" rather than a "Complaint Warrant," and one for improper arrest. (Id. ¶¶ 41-42, 44.)  The Court found in its February 2, 2015 Opinion that without additional information demonstrating the absence of probable cause, a violation of the New Jersey court rule did not amount to a § 1983 violation. (Op. [Doc. No. 4], Feb. 2, 2015.)

4

Plaintiff now has filed a proposed second amended complaint that contains six counts. (Prop. Second Am. Compl. [Doc. No. 6], Mar. 4, 2015.) In this proposed pleading, Plaintiff has revised his theory of liability. While the prior complaints were based on the purportedly improper issuance of a "Complaint Warrant," Plaintiff now contends that the arresting officers failed to interview him before arresting him, and therefore arrested him without probable cause. Plaintiff alleges that the officer improperly determined him to be the aggressor in the domestic violence incident, as opposed to the victim of the incident.

In Count One of the proposed second amended complaint, Plaintiff alleges that the warrantless and illegal seizure and detention by Defendants Daniels and Hogate resulted in violations of Plaintiff's constitutional rights. (Id. ¶¶ 29-32.) In Count Two, Plaintiff alleges that Defendants Daniels and Hogate failed to follow the New Jersey Domestic Violence Procedures Manual (hereafter, "Manual"), which purportedly requires police officers to interview both parties involved in a domestic violence dispute where both parties display signs of injury in order to determine which party was the victim. (Id. ¶¶ 34-37.) The alleged failure to follow the procedure set forth in the Manual purportedly deprived Plaintiff of equal protection under the Fourteenth Amendment and New Jersey law.

5

(Id.)  In Count Three, Plaintiff asserts a deliberate indifference claim against Defendant Daniels, arguing that he failed in his duty to ensure that Plaintiff's equal protection rights were not violated by Defendant Hogate.  (Id. ¶¶ 39-41.)  In Count Four, Plaintiff asserts a false arrest claim against Defendant Hogate based on an alleged lack of probable cause for the arrest.  (Id. ¶ 43.)  In Count Five, Plaintiff alleges that Defendants Daniels and Hogate deprived him of his personal liberty by detaining him without probable cause in excess of 152 days.  (Id. ¶¶ 47-50.)  In Count Six, Plaintiff contends that Defendants Daniels and Hogate intentionally violated Plaintiff's property rights by removing him from his premises when Plaintiff was arrested.  (Id. ¶¶ 52-55.)

### III. STANDARD OF REVIEW

The standard for dismissing a complaint for failure to state a claim under Section 1915(e)(2)(B) is the same as that for dismissing a complaint pursuant to a motion filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).  In considering whether a plaintiff's complaint fails to state a claim, the Court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff.  Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005);

see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008) ("[I]n deciding a motion under Fed. R. Civ. P. 12(b)(6), [a district court is] . . . required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to" the plaintiff).  A pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

A district court must ask "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims[.]'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 n.8, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974)); see also Ashcroft v. Iqbal, 556 U.S. 662, 684, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions[.]'") (citation omitted).  First, under the Twombly/Iqbal standard, a district court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions."  Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing Iqbal, 556 U.S. at 678, 129 S. Ct. 1937).  Second, a district court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'"  Fowler, 578

7

F.3d at 211 (citing Iqbal, 556 U.S. at 679, 129 S. Ct. 1937). "[A] complaint must do more than allege the plaintiff's entitlement to relief." Fowler, 578 F.3d at 211; see also Phillips, 515 F.3d at 234 ("The Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element.") (citing Twombly, 550 U.S. at 556, 127 S. Ct. 1955).

In deciding whether a plaintiff states a claim under Rule 12(b)(6), the court considers the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of public record. Guidotti v. Legal Helpers Debt Resolution, 716 F.3d 764, 772 (3d Cir. 2013). A court may also consider "'undisputedly authentic documents if the complainant's claims are based upon these documents[.]'" Id. (quoting Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010)). If any other matters outside the pleadings are presented to the court, and the court does not exclude those matters, a Rule 12(b)(6) motion will be treated as a summary judgment motion pursuant to Rule 56. Fed. R. Civ. P. 12(d).

8

**IV.  DISCUSSION**

As noted above, the proposed Second Amended Complaint contains six causes of action.  Most of these counts relate to the alleged arrest of Plaintiff without probable cause and are brought pursuant to the Fourth and Fourteenth Amendments to the United States Constitution.  Plaintiff, however, cannot assert claims for relief under the United States Constitution directly and must utilize the vehicle of a claim under 42 U.S.C. § 1983. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906-07 (3d Cir. 1997) ("By itself, Section 1983 does not create any rights, but provides a remedy for violations of those rights created by the Constitution or federal law.").

The Court begins with Plaintiff's Fourth and Fourteenth Amendment claims for false arrest and false imprisonment.  The Fourth Amendment protects persons against "unreasonable searches and seizures."  U.S. Const. amend. IV.  "Broadly stated, the Fourth Amendment prohibits a police officer from arresting a citizen except upon probable cause."  Orsatti v. New Jersey State Police, 71 F.3d 480, 482 (3d Cir. 1995).  A claim for false imprisonment, although based on the Fourteenth Amendment's protection against deprivations of liberty without due process of law, is derivative of a Fourth Amendment claim for false arrest.  Faisal v. Rahway Police Dept., Civ. A. No. 13-376, 2014 WL 673066, at *2 (D.N.J. Feb. 20, 2014) (citations omitted).  An

9

"absolute defense" to claims for false arrest and false imprisonment under Section 1983 is the existence of probable cause. Signorile v. City of Perth Amboy, 523 F. Supp. 2d 428, 433 (D.N.J. 2007). "[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." Orsatti, 71 F.3d at 483.

The Court finds that under federal law, there was probable cause to arrest Plaintiff. Plaintiff was arrested for criminal restraint in violation of N.J. Stat. Ann. § 2C:13-2. The statute provides that "[a] person commits a crime of the third degree if he knowingly . . . [r]estrains another unlawfully in circumstances exposing the other to risk of serious bodily injury . . . [or] [h]olds another in a condition of involuntary servitude." N.J.S.A. § 2C:13-2.

Although the details concerning Plaintiff's arrest are not discussed at length in the complaint, such details are available in a public record. Notably, Defendant Hogate's testimony before the grand jury is quoted in an Opinion of the Superior Court of New Jersey, Appellate Division, in connection with an appeal filed by Plaintiff concerning the underlying criminal matter. See State v. Fields, No. A-1397-12T2, 2014 WL 1394171, at *1 (N.J. Super. Ct. App. Div. Apr. 11, 2014). Officer Hogate

10

testified that there was a "'call for a reported fight'" at Plaintiff's residence, and when he arrived he heard a "'female yelling for help from the second floor, upstairs apartment[.]'" 2014 WL 1394171, at *1.  Upon entering, Officer Hogate found Parsons distraught with visible injury to her face and arms, and Parsons advised Hogate that Plaintiff had struck Parsons' face and body.  Id.  Parsons further advised Hogate that Plaintiff threw her on the floor and laid on top of her so that she could not leave.  Id.  In addition, the Court notes that Plaintiff was indicted for the criminal restraint charge, and Plaintiff ultimately pled guilty to an amended charge of simple assault.  Id.  Given these facts, the Court concludes that the arresting officers had probable cause to arrest Plaintiff.

Additionally, the Court previously noted in this case that the complaint did not contain sufficient facts to demonstrate the absence of probable cause, and Plaintiff was granted an additional opportunity to amend the complaint.  Plaintiff does not attempt to do so in the proposed Second Amended Complaint.  Rather, Plaintiff has revised his theory of liability, now citing the Manual for the proposition that the officers should have determined that Plaintiff was the victim of domestic violence and, as such, was entitled to use force in defending himself from attack by Parsons.

The Court notes that the Manual was adopted by the New Jersey Attorney General pursuant to the Domestic Violence Act, N.J. Stat. Ann. 2C:25-21.1, and the Manual is consistent with New Jersey state law. Specifically, the relevant state statute, N.J. Stat. Ann. 2C:25-21(c)(3), provides that "[n]o victim shall be . . . arrested or charged under this act with an offense because the victim used reasonable force in self defense against domestic violence by an attacker."

Plaintiff argues that because both he and Parsons exhibited signs of injury from their physical altercation, the defendant officers should have interviewed Plaintiff before arresting him to determine whether he was merely using self-defense against domestic violence by Parsons. The Court rejects this argument. The critical inquiry in a Section 1983 action is whether a plaintiff has been deprived of a right secured by the federal Constitution or federal statutes. Plaintiff fails to make this requisite showing, as his allegation that the defendants violated a state statute cannot support a claim under Section 1983. McMullen v. Maple Shade Twp., 643 F.3d 96, 100 n.5 (3d Cir. 2011) (noting that although "[m]any states have enacted laws that afford individuals protections beyond those found in the United States Constitution[,]" "arrests made in violation of these state laws are not, in and of themselves, actionable under Section 1983"); Brown v. Grabowski, 922 F.2d 1097, 1112-13 (3d

12

Cir. 1990) ("it is certain that a violation of New Jersey's Domestic Violence Act, standing alone, is insufficient to give rise to a statutory or constitutional claim under 42 U.S.C. 1983.").

In short, Plaintiff's claims for false arrest and false imprisonment under the Fourth and Fourteenth Amendments are barred because there was probable cause to arrest Plaintiff.[1] Although Plaintiff may have a remedy under state law, he fails to allege a federal constitutional or federal statutory violation.  All of Plaintiff's claims based on allegations of false arrest and false imprisonment under federal law will be dismissed.

Finally, Plaintiff asserts equal protection claims under the Fourteenth Amendment.  The Fourteenth Amendment to the United States Constitution provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws."  U.S. Const. amend. XIV, § 1.  To prevail on an equal protection claim, a plaintiff must allege that he "has been treated differently from persons who are similarly situated."

---

[1] Given the Court's finding that there was probable cause to arrest Plaintiff, there is no predicate constitutional violation to support Plaintiff's claim in Count III for Defendant Daniels' purported failure to intervene in the arrest.  As no constitutional violation took place, intervention was not required.  Count III will therefore be dismissed.

Renchenski v. Williams, 622 F.3d 315, 337 (3d Cir. 2010), cert. denied, --- U.S. ---, 131 S. Ct. 2100, 179 L. Ed. 2d 926 (2011).

Reading the proposed Second Amended Complaint liberally in light of Plaintiff's pro se status, it appears that Plaintiff's theory is that he was treated differently in that he was not afforded the same opportunity that Parsons was given to speak to police before the decision to arrest was made.  Plaintiff's claim appears to be based on an alleged violation of state law, as Plaintiff alleges that "Defendants [sic] failure to perform the ministerial functions as dictated by the Domestic Violence Act deprived Plaintiff the equal protection rights of the Fourteenth Amendment and New Jersey Civil Rights law." (Proposed Second Am. Compl. ¶ 36.)  However, as discussed above, Plaintiff cannot assert federal constitutional claims under Section 1983 based upon an alleged violation of state law.  The Fourteenth Amendment equal protection claims will therefore be dismissed.[2]

V.    **CONCLUSION**

For the reasons set forth herein, Plaintiff fails to establish that his federal constitutional or statutory rights

---

[2] Moreover, to the extent that Plaintiff asserts a claim under New Jersey law, the Court declines to exercise supplemental jurisdiction given the dismissal of all federal claims in this case.  28 U.S.C. § 1367.

were violated.  Accordingly, his claims brought pursuant to 42 U.S.C. § 1983 will be dismissed.  Moreover, because Plaintiff has had three opportunities to assert his claims and has nonetheless failed to present a viable federal claim, the Court will not provide Plaintiff another opportunity to amend the complaint.  The Clerk will be directed to close this case.

An Order accompanying this Opinion will be entered.


        s/ Noel L. Hillman
        NOEL L. HILLMAN, U.S.D.J.

Dated: August 17, 2015

At Camden, New Jersey